IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIZABETH A. RAMSEY, <br> TDCJ No. 1942389, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:22-cv-1363-M-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Elizabeth A. Ramsey, a Texas prisoner, was convicted of intentionally or knowingly by omission causing serious bodily injury to a child and was sentenced to life imprisonment. *See State v. Ramsey*, No. F-1253926-I (Crim. Dist. Ct. No. 3, Dall. Cnty., Tex. July 23, 2014), *aff'd*, No. 05-14-01282-CR, 2015 WL 6750810 (Tex. App. – Dallas Nov. 4, 2015, no pet.).

She now challenges this state criminal judgment in federal court through a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3. The State responded, arguing that Ramsey's petition is time barred. *See* Dkt. No. 22. And Ramsey replied. *See* Dkt. No. 24.

This case has now been referred to undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Barbara M. G. Lynn. And the undersigned enters these findings of fact, conclusions of law, and recommendation that, under the circumstances here and for the reasons and to the extent set out

below, the Court should dismiss the federal habeas petition with prejudice as barred by the applicable statute of limitations.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, 43 F.4th 482, 492 (5th Cir. 2022) (quoting *Smith v. Titus*, 141 S. Ct. 982, 987 (2021) (Sotomayor, J., dissenting from denial of cert.), then citing *Day*, 547 U.S. at 202 n.1). "Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* (citing *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022) ("In many ways, the statute represented a sea change in federal habeas law.")).

One such requirement is "the one-year period for an individual in custody pursuant to a state-court judgment to file a § 2254 petition for habeas relief" that "begins running from the latest of four events." *Id.* at 497 (citing 28 U.S.C. § 2244(d)):

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.

But "'[t]he diligence required for equitable tolling purposes is reasonable

diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.'" (quoting *Schlup*, 513 U.S. at 324, 327)).

## Analysis

The timeliness of most Section 2254 applications – Ramsey's is no exception – is determined under Subsection A, based on the date on which the judgment became final. A state criminal judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

After Ramsey's judgment was affirmed, she sought an extension of time to file a petition for discretionary review (a PDR) in the Texas Court of Criminal Appeals (the CCA). *See Ramsey v. State*, PD-1610-15 (Tex. Crim. App.). The CCA granted her motion, extending the deadline to February 2, 2016. *See Ramsey*, PD-1610-15 (Tex. Crim. App. Dec. 11, 2015). But Ramsey never filed a PDR. *See Ramsey*, PD-1610-15 (Tex. Crim. App. Mar. 2, 2016) ("This is to serve notice to the court of appeals that this Court granted a motion for extension of time to file a petition for discretionary review until February 2, 2016.").

So Ramsey's state criminal judgment became final in early 2016. *See* TEX. R. APP. P. 68.2; *Engle v. Davis*, 804 F. App'x 283, 284 (5th Cir. 2020) (per curiam) ("Engle's judgment therefore became final, for purposes of § 2244(d)(1)(A), only when the time for seeking direct review of the Texas Court of Appeals' judgment dismissing his appeal expired upon his failure to file a timely petition for discretionary review, with the Texas Court of Criminal Appeals." (citation omitted; citing *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("If the conviction does not become final

by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review.' … [But, i]f the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires." (footnote omitted)))).

While Ramsey then sought state habeas relief – the first petition was denied without written order on the findings of the trial court without a hearing, *see Ex parte Ramsey*, WR-86,122-01 (Tex. Crim. App. Jan. 11, 2017), and the second was dismissed as successive, *see Ex parte Ramsey*, WR-86,122-02 (Tex. Crim. App. Apr. 13, 2022) – Ramsey has not shown, particularly given that her second state petition was not filed in the trial court until 2022, *see* Dkt. No. 21-20, how the pendency of these applications tolls AEDPA's statute of limitations such that this Section 2254 petition was timely filed under Subsection A on June 13, 2022, *see* Dkt. No. 3 at 15; *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Accordingly, under Section 2244(d)(1)(A), the Section 2254 application is due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence.

But Ramsey neither explains how another provision of Section 2244(d)(1) could apply here, nor advances a claim of tolling under the narrow actual innocence gateway, nor makes allegations that could establish either prong of equitable tolling – that she pursued his rights diligently and that an extraordinary circumstance beyond her control prevented the timely filing of the federal petition.

The Court should therefore dismiss the Section 2254 petition with prejudice as

time barred.

## Recommendation

The Court should dismiss Petitioner Elizabeth A. Ramsey's 28 U.S.C. § 2254 habeas application with prejudice as time barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 14, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE